No. 258.—LAURA J. WILLIS v. J. NICHOLSON et al.—T. M. GILMER, Intervenor.

A person who alleges that he has an interest in a judgment that has been enjoined, who was not a party, either directly or indirectly, to the suit in which the injunction was granted, and shows no transfer or subrogation, can not control the execution of such judgment.

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Levisee*, J. *A. W. O. Hicks*, for plaintiff and appellee. *Nutt & Leonard*, for defendants and appellants.

HOWELL, J. This is an injunction suit, in which the facts material to the issues presented are as follows:

In the case of Nicholson v. Willis, execution issued and the sheriff seized 480 acres of land. Willis claimed a homestead and obtained an injunction of the sale of 160 acres of the land seized; the sale of the balance was made, and subsequently the injunction was dissolved. Pending the proceedings, Nicholson transferred the judgment to John Hendricks, Sr., who, after the dissolution of the said injunction, caused an *alias fi. fa.* to issue on the unsatisfied portion of the said judgment and the 160 acres of land to be seized; whereupon the debtor in the said writ instituted this suit to enjoin the sale, on the ground that Nicholson, the plaintiff in the judgment, and in whose name the writ issued, claimed to be the owner of the judgment, and had notified her not to pay to Hendricks; and she made Nicholson and Hendricks parties. Nicholson answered, admitting the allegations of the petition, averring that she had sued to annul the transfer of the judgment to Hendricks, on the ground of fraud, and joined in the prayer for the perpetuation of the injunction. The said transfer was annulled by a judgment which was affirmed on appeal; and *afterwards* T. M. Gilmer

intervened in this suit, claiming to be the owner in good faith of an undivided half of the said judgment by purchase from Hendricks, asserting his rights as against all parties (including the control of the execution), and praying to be declared the owner of one-half of said judgment, and for the dissolution of the injunction so far as it affects his rights.

Upon trial, after issue joined on exceptions and answers, judgment was rendered, perpetuating the injunction against Hendricks and Gilmer, and condemning them to pay costs, from which only Gilmer, the intervenor, appealed.

His counsel say the contest is really between him and the defendant Josephine Nicholson, and that the injunction was perpetuated on the ground that the transfer from Hendricks to Gilmer was without effect until notice of transfer had been given to the debtor Laura J. Willis. They contend that Mrs. Nicholson, in consequence of her transfer to Hendricks, and his transfer to Gilmer, who acquired in good faith, is absolutely divested of one-half of her judgment; while it is contended on the other side that Gilmer acquired no better title than his assignor and Hendricks had; and as it has been adjudged that Hendricks never had any title to the judgment, Gilmer never acquired any to the half thereof. It is well to state here that the written act of transfer from Mrs. Nicholson to Hendricks, of which Gilmer had knowledge, indicates by its terms that the transfer was intended to enable Hendricks to *use* it for some specific purpose; that Gilmer was aware of the contest about the sale of land, which had been made under the judgment, the result of which, if the said sale should be annulled, was to enure to the benefit of Mrs. Nicholson, and that the transfer from Hendricks to Gilmer was merely a verbal agreement between them, of which there was no record whatever. Under these circumstances we do not think Gilmer can invoke the equitable rule that, where one of two innocent parties must suffer a loss, he must bear it who put it in the power of another to cause the loss; but that the rule above invoked against him must apply. 18 An. 412. Mrs. Nicholson never intended to part with the title to her judgment, and as a matter of fact never did part with it; and what transpired between Hendricks and Gilmer can not be held to operate a divestiture of any portion of her title. The judgment is her property and subject to her control, and she does not complain of the decree in this case perpetuating the injunction.

But if it should be admitted that Gilmer has an interest in the judgment enjoined, not being in any way directly or indirectly a party to the record in which it was rendered, and no act of subrogation in his favor being on file, he can not control the execution of the said judgment. 5 N. S. 707; 9 An. 174; 1 R. 94; 9 R. 77.

Judgment affirmed.